BISSELL *a.* HAMLIN.

*New York Superior Court; General Term, June,* 1860.

EVIDENCE.—OFFICIAL REGISTER.—RETRIAL.

In an action by a commissioner to take testimony to be used in another State, to recover compensation for his services as such officer, his official record is admissible as *prima-facie* evidence of the services performed.

The court has no power, on reversing a judgment, to order it to retrial, either wholly or in part on the evidence given on the previous trial.

This action was brought to recover the sum of two hundred dollars for official services and attendances on behalf of the defendant, as commissioner to take testimony to be used in the State of Ohio. The defendants denied that they agreed to pay this sum, and that the services actually rendered were of any greater value than thirteen dollars. The cause was referred to Abraham Underhill, who reported in favor of the plaintiff for $23. At the trial, the plaintiff offered in evidence a certain paper marked "Exhibit E." This was a record of proceedings before Mr. Bissell, as commissioner in attendance for the purpose of taking testimony, at the request of the defendants, to be used in Ohio. The record commenced on the 31st day of January, 1854, when the witnesses proposed to be examined were sick, and the commissioner noted an adjournment till the following day. On the following day the plaintiff made the entry as follows :

" Pursuant to the last adjournment, I attended, on the 1st of February, 1854, at the place and times aforesaid ; and for like reasons as aforesaid, I adjourn the taking till to-morrow, at the same place and hours.

JOHN BISSELL, *Commissioner for Ohio.*"

Like notings as the last above, on every secular day from 1st of Feburary till March 27th, constituted the remainder of Exhibit E, which concluded thus :

"Mr. Hamlin told me the plaintiffs had assigned their interest in the claim sued on, to Mr. Coursen, their special and silent partner; that they had nothing further to do with it, and I had better discontinue the adjournments, and let the purchaser do as he thought best with it. I accordingly stopped them after the 27th of March, 1854.

JOHN BISSELL, *Commissioner for Ohio.*"

This evidence was not admitted by the referee. The plaintiff appealed to the general term, where, after hearing, an order was made reversing the judgment and directing a new trial before the same referee.

This order was made February 21st, 1857, and contained the following directions:

"That this action be referred back to the referee heretofore appointed, upon the proofs already taken therein; and that he admit Exhibit E, produced and proven before him on the former reference, as competent and *prima-facie* evidence of the attendance and adjournments being had, and the entries being made at the several times specified in it; and that he take such further evidence as either party may adduce touching the matters in controversy."

On the retrial the referee admitted Exhibit E as directed by this order, the defendant excepting, and took the testimony of the plaintiff as to the matters in controversy, and gave judgment for the plaintiff for $79.36. The defendant appealed to the general term, where the judgment was affirmed in July, 1858, when the defendant appealed to the Court of Appeals.

In December, 1859, the Court of Appeals dismissed defendant's appeal because the case did not conform to the rules of the Court of Appeals, in that the referee in settling the case did not insert in it, and as a part of it, a statement of his findings of fact and of his conclusions of law. On the 28th of January, 1860, the Superior Court, at special term, ordered the case to be resettled so as to supply these defects. The case was resettled, with the findings and conclusions inserted, and the defendant then brought on the case for argument before the general term of the Superior Court.

*William A. Coursen,* for the appellant.—I. There is no legal

testimony in this case, upon which the judgment, appealed from, could have been sustained. 1. The paper marked Exhibit E, was inadmissible as testimony. It contains the mere memoranda of a private person, and is not an official record; besides, any presumed rules as to such records, do not admit those of any other State or government. The cases of private entries made in shop-books, which have been received in evidence in this State, differ in every essential part from the case before the court; moreover, all the necessary preliminary proof always insisted upon, before the admission of any such testimony, was, in this case, entirely omitted. 2. The general term decided that Exhibit E was admissible as presumptive evidence of the attendances and adjournments therein noted. That decision was, in part, founded upon a presumption of the fact that it was the official duty of the plaintiff to make and note the attendances and adjournments detailed. That presumption is not sustained by the testimony of the plaintiff. The finding of the referee, as to the duty of the plaintiff in this particular, should have been deduced from testimony, and not from a decision or opinion of this court at general term. 3. The findings of fact (respecting the actuality of attendances and adjournments) of the referee, seem to have been founded upon the Exhibit E, as the testimony of the plaintiff himself shows that his own knowledge, as to the attendances and adjournments, was derived from that Exhibit. 4. On the trial, it was clearly demonstrated that the amount admitted by the defendants to be due to the plaintiff, was all that the plaintiff could justly claim. No legal adjournment could be made, unless by the request or consent of some party interested, in attendance, on a day to which the taking of testimony had been adjourned; and no request even from any of the parties, for an adjournment, is pretended by the plaintiff until a few days after the first adjournment. 5. The Exhibit E was offered in evidence under the order of this court at general term of February 21st, 1857. It was offered in bulk. It would be difficult to find a case in any legal book, showing a shadow of legality in the reception of such a written statement as testimony in a cause. 6. If Exhibit E be taken as testimony at all, it shows conclusively that the plaintiff entirely failed in his effort to follow what he intimates was his view of the law as regards adjournments, because the

adjournments were discontinued by him without any authority or request so to do from the only party interested, or who had any right to request a discontinuance of the adjournments. Thus the whole previous chain of alleged adjournments was, on the motion of the plaintiff himself, rendered utterly nugatory and useless.

II. The judgment appealed from has no legal basis, and should be reversed. 1. The judgment presents the anomaly of a judgment actually rendered and entered in pursuance with, and consequent upon, an opinion delivered at the general term of this court. This action on the part of the referee, though undoubtedly arising from a conviction of duty on his part, was not a legal performance of his duty as referee, and the judgment, therefore, has no legal basis. 2. The referee erred even in his attempt to ascertain and estimate the value of the alleged services in a mode intimated by the court. The order declared Exhibit E to be evidence of attendances and adjournments, but all the other matters in controversy—such as retainer, or authority of the commission (or plaintiff) to make attendances or adjournments, the value and mode of ascertaining the modicum of compensation, &c.—were left as proper subjects of testimony at the trial. And if testimony on these questions was to be received, naturally such testimony ought to have been allowed its proper weight. Not so, however, thought the referee, He disregarded the spirit of the decision at the general term, and followed the letter by obeying the supposed directions contained in the opinion of the general term. 3. The referee, on the first trial, decided that the plaintiff had no authority to make the attendances and adjournments noted in Exhibit E. And on the second trial the plaintiff offered no further testimony on that point, excepting his own ; and apart from that testimony and the controlling influence of the opinion of the court, such would have been the finding of the referee on the second trial. The fact of the retainer or non-retainer of the plaintiff by the defendants to make the attendances and adjournments, and the fact as to the mode of computing the amount of compensation due to an Ohio commissioner for alleged services, could hardly have become questions to be decided at general term ; and per consequence, the adoption by the referee of the supposed findings of the general term on those matters, instead of making original findings

for himself, deducing the same only from the testimony properly before him, was a grave error.

*Peter Y. Cutler*, for the respondent.

By the Court.*—Bosworth, Ch. J.—On opening the papers when the argument of this case was moved, on the 17th day of May last, we were struck with the peculiar structure of the case as it had been resettled, and we declined to allow the argument to proceed then, and took the papers. Upon consideration, we found that the case had been resettled since the argument and decision of the appeals taken from the judgment of the 3d of August, 1857, that it had been resettled under the authority of orders made by this court, and that a reargument had been ordered upon the case as resettled : we thereupon stated to counsel that a reargument would be heard, and that we considered the order directing a reargument opened the whole case, and that the parties would be heard on both appeals. Such reargument has now been had, and we are quite clear that upon the case as settled, the judgment appealed from is erroneous.

The case, as resettled, contains the order of this court, made February 21st, 1857, on granting a new trial on an appeal from the judgment theretofore rendered in the action. That order, as printed, represents this court to have decided that the judgment which was the subject of that appeal should not only be reversed, but that the action should go back to the referee to be tried in part on the proofs already taken therein, and that he should admit a paper marked Exhibit E as competent and *prima-facie* evidence of the attendances and adjournments being had as thereon written. I am quite clear in my recollection that all the court decided was, that the judgment then appealed from should be reversed and a new trial granted, unless the parties consented to an order that it go back to the referee on the proofs which had been taken. We think the concluding sentence of the opinion then delivered shows that such was the decision of the court.

The court then held paper E admissible as evidence, upon the facts proved upon the first trial in respect to its having been in actual existence at the time the adjournments written

---

* Present, Bosworth, Ch. J., Pierrepont and Moncrief, JJ.

upon it purport to have been made. But the court did not intend, as we think, to direct the referee to receive such paper without the same evidence was given to authorize him to do so, which the court had determined was sufficient to render it competent as evidence ; and we are quite clear that the court has no power, on reversing a judgment, to order it to retrial either wholly or in part on the evidence given on the previous trial.

Viewing the case, as resettled, as stating accurately what the court did decide in February, 1857, and as stating the actual proceedings had before the referee on the second trial (which resulted in the judgment now appealed from), the referee admitted Exhibit E as evidence on the second trial because he considered himself instructed by the general term order of February 21st, 1857, so to do. At the stage of the trial when it was so admitted, according to the case as resettled, no extrinsic facts in respect to it had been proved to make it competent as evidence, and its admission was excepted to. The general term order of February 21st, 1857, appears to have been produced on the second trial, by the plaintiff, and relied on as giving him the right, by its own force, to have Exhibit E admitted as evidence.

It is printed as part of the case as resettled, and the case states that the referee admitted it in evidence, as directed by said order.

The court, on affirming (in July, 1858) the judgment from which the present appeals are taken, must have understood, as we think, that the order of February 21st, 1857, had been entered by consent; but the case, as it was resettled, does not show that it was so entered, and we think that the order, if it is to be regarded as expressing the decision actually made, is erroneous—that the court had no authority to order peremptorily, that the cause be sent back to the referee on the evidence given on the first trial, and that the referee admit Exhibit E as evidence on the second trial. We also think that the fact that the referee admitted it as evidence on the second trial, in consequence of the direction contained in such order, does not exempt his decision from the objection that it was wrong.

We agree that the judgment entered July 2d, 1858, on the

argument of the present appeals, must be reversed, a new trial granted, and that the order of reference heretofore entered be vacated; and an order to that effect will be entered.

## WARREN a. EDDY.

*Supreme Court, First District; General Term, November, 1860.
Again at Special Term, March, 1861.*

DECEASED PARTY.—FOREIGN ADMINISTRATOR.—DISMISSAL OF
APPEAL.

Where, on appeal to the general term, a notice of argument was served upon the attorney for the appellant after the death of the appellant, and after notice of that fact to the respondent, and the respondent took an order by default for an affirmance of the judgment,—*Held*, irregular.

In such case the only proper course to obtain an affirmance of the judgment is to have an administrator appointed, and the action revived in the name of such administrator.

*It seems* doubtful whether the general term can affirm a judgment where a case has been made, before the case has either been filed or served.

Executors or administrators appointed in another State can neither continue nor dismiss an appeal pending here.

Any appellant can dismiss his own appeal, on payment of costs, at pleasure.

I. *November*, 1860.—This was an appeal from an order of the special term, setting aside a judgment of affirmance entered upon order of the general term.

The cause had been tried at circuit in New York, before Mr. Justice Wright, and judgment rendered for the plaintiff. Defendant appealed, and gave the requisite undertaking to stay proceedings, and subsequently served a proposed case and exceptions: the plaintiff proposed amendments. The case was settled by Mr. Justice Wright, and returned to defendant. On receiving the amendments, defendant's attorney notified the plaintiff of the death of the defendant, and that Heartley Williams had been appointed administrator of the deceased in the State of Massachusetts, and that the administrator desired to