WILLIAM E. WHITE and WILLIAM R. WHITE, Appellants, *v.*
JANE SMITH, Respondent.

(GENERAL TERM, SIXTH DISTRICT, JULY, 1869.)

On a trial before a referee, the plaintiffs obtained an adjournment for the pur-
pose, moved the court, had leave to serve, and served a reply to the defend-
ant's counter-claim. It seems, a new hearing afterward, before the referee,
was an adjournment of the former hearing, and the issues not being essen-
tially changed by the reply, the referee might, in his discretion, refuse to
allow a re-examination of witnesses *de novo.*

The complaint averred an amount earned for services, &c., contained no
allegation as to any distinct payments, but claimed a balance due thereon,
after deducting payments made ; the answer denied each and every alle-
gation, &c., and set up a counter-claim. On the trial defendant proved
the counter-claim, but no payments were proved or admitted, except as
admitted by the complaint ; the referee regarded the difference between
the balance claimed by the complaint, and the sum therein stated as
originally due, as representing payments made, and found that the defend-
ant was entitled to be allowed the amount of such difference, together
with the amount of his counter-claim ; he found, however, that a less
amount was originally earned, or due, than the complaint stated
in that respect, and deducting such lesser amount from the sum
of the counter-claim and payments, gave defendant the balance.—
*Held,* the referee erred in deducting the payments from a smaller
sum than plaintiffs stated as originally due, and a new trial was granted.

The order of reference was allowed to stand, with leave to move for a new
referee.

APPEAL by plaintiffs from a judgment entered upon a
report of a referee, in the office of the clerk of Schuyler
county, on the 17th day of August, 1867, in favor of the
defendant, for $96.39 damages, besides costs.

*John J. Van Allen,* for the appellants.

*George Smith,* for the respondent.

Present—BALCOM, PARKER and BOARDMAN, JJ.

By the Court—BALCOM, P. J. The plaintiffs alleged in their
complaint, that between the 13th day of June and the 15th

day of August, 1866, they, by themselves and their servants, performed work and labor as carpenters and joiners, and furnished material for the erection of a building in the village of Watkins, at the request of the defendant, and with her knowledge and approbation, to the amount of $541.90, as by the bill of items therefor, annexed to the complaint, would more fully appear; that the work and labor so performed for the defendant, and the material so furnished, were reasonably worth the price charged therefor in said bill of particulars; that there was a *balance* due from the defendant to the plaintiffs for such work, labor and material, as aforesaid, *after deducting all payments* made by the defendant to the plaintiffs thereon, of $175.75. And the plaintiffs demanded judgment against the defendant for the said sum of $175.75, with interest thereon from the 15th day of August, 1866, besides costs.

The answer of the defendant was a denial of each and every allegation, matter and fact set forth in the complaint. Second. A counter-claim, to the effect that the plaintiffs performed the work and labor, and furnished the material mentioned in the complaint under a contract which required them to do the work for the defendant in a good, workmanlike manner; which they did not do. And the defendant claimed damages for the non-performance of such contract by the plaintiffs, to the amount of $500.

No payment was set up in the answer or credited to the defendant on the plaintiff's bill of items annexed to the complaint; and none was proved or admitted on the trial, nor was any portion of the complaint read as evidence before the referee.

The trial was commenced before the referee on the 18th day of April, 1867, when several witnesses were sworn and examined on the part of the plaintiffs, and on the cross-examination of the witness, Nathan Coleman, the defendant proved her alleged counter-claim, to the extent of $231.50, as found by the referee.

After a recess was had on the 18th day of April, 1867, the plaintiffs' counsel moved for an adjournment or postponement

of the *further* trial of the action to enable the plaintiffs' attorney to make a motion to the Supreme Court for leave to serve a proper reply to the defendant's answer setting up a counter-claim; which motion was granted by the referee, on payment of the costs of a circuit, the trial fee before the referee, referee's fees and defendant's witness fees; to which the defendant objected. The referee adjourned the cause until the 20th day of June, 1867.

On the 18th day of June, 1867, this court, at a Special Term thereof, granted leave to the plaintiffs to serve a reply to the defendant's answer setting up a counter-claim, but such leave was granted on payment of ten dollars, costs of opposing the motion therefor. A reply was served on the 19th day of June, 1867.

As the referee was about to proceed with the trial, on the 20th day of June, 1867, counsel for the plaintiffs proposed to open the cause, and begin the trial anew, on the part of the plaintiffs, to which the defendant's attorney objected, and insisted that the plaintiffs should commence with the trial of the action where they left off, at the time the further trial was postponed on their motion. The referee held and decided that the plaintiffs must commence with the trial where they left off; but should have the liberty to examine any witness they had already examined upon any new matter relating to the issues, upon which he had been sworn, or upon any matters omitted by inadvertence on his former examination, to which ruling and decision of the referee the plaintiffs' counsel excepted.

George R. White was sworn and examined as a witness for the plaintiffs, on the 18th day of April, 1867; he was recalled by the plaintiffs on the 20th day of June, 1867, when they desired to examine him generally, without any regard to the evidence given by him on the 18th day of April. The referee ruled that the witness might be examined as to any matter to which he had not already been examined, or to any such matter as he had testified to, where his recollection had been refreshed, and he desired to correct his testimony, to which ruling the plaintiffs' counsel excepted.

The defendant did not dispute upon the trial, but conceded that the number of days' work were performed, and that the amount and value of the lumber embraced in the plaintiffs' bill of items, annexed to the complaint, were correct.

The referee found, among other facts, that the labor of the plaintiffs' hands, at the price agreed on, together with the lumber and material furnished by them, amounted to the sum of $501.26.

The referee also found that before the commencement of the action the defendant paid the plaintiffs, upon their demand, the sum of $366.15. That the items of the defendant's counter-claim amounted to $231.50, and he directed judgment in favor of the defendant for the difference between the aggregate of the last mentioned two sums and the said $501.26 of $96.39, for which last mentioned amount judgment was rendered and entered against the plaintiffs with costs.

The plaintiffs filed and served exceptions to the findings of the referee.

The order that the referee made on the 18th day of April, was an adjournment until the 20th day of June; and it was made on the motion of the plaintiffs for an adjournment or postponement of the *further* trial of the action, so that they could make a motion for leave to serve a proper reply to the defence of a counter-claim. And I am of the opinion the issues in the action were not so entirely changed by the service of the reply as to render it necessary to examine any of the witnesses *de novo* on the 20th day of June, who were sworn and examined on the 18th day of April. It therefore was in the discretion of the referee to restrict the plaintiffs on the 20th day of June, in the same way and to the same extent, he might if the reply had been served before the trial was commenced on the 18th day of April. If I am right in this conclusion the referee did not err in holding that the proceedings, on the 20th day of June, were a continuation of a trial or a further trial that was commenced on the 18th day of April.

The referee could properly have found that the defendant

White v. Smith.

paid the plaintiffs $366.15 on their claim of $541.90, prior to the commencement of the action. The just inference from the complaint, is that the plaintiffs had been paid that sum on such claim, by the defendant. The amount of the plaintiffs' claim, stated in the complaint, was $541.90, which is followed by the allegations, that there was a *balance* due from the defendant to the plaintiffs, *on such claim*, after deducting all *payments* made by the defendant to the plaintiffs, of $175.75; for which balance only judgment was demanded in the complaint, besides interest and costs. The difference between such *balance* and the amount of the plaintiffs' claim, as alleged in the complaint, was $366.15, which the referee fo.ind the defendant had paid the plaintiffs.

It is provided by § 168 of the Code, that the material allegations in the complaint, which are to be taken as true, are those not controverted by the answer. This makes the defendant admit the material allegations of the complaint to be true, which he omits to deny. But it does not authorize the plaintiffs to except to, or complain of a holding, that any material allegation of his complaint is true which is denied, though no evidence be given to establish it by either party, unless the holding wrests such allegation from its true meaning.

I think the referee had the right to assume that the defendant paid the plaintiffs $366.15, upon the plaintiffs' claim of $541.90; but he found the plaintiffs' claim was only $501.26, and then held that $366.15 was paid upon it, without any evidence or admission, except what was inferable from the complaint. I am of the opinion, this holding wrested the allegations of the complaint, respecting payments upon the plaintiffs' claim, from their true meaning, and that it was erroneous.

It seems to me the defendant should have alleged payment in his answer, of $366.15, and proved it; or that he should have conceded on the trial that the plaintiffs' entire claim was $541.90, as stated in the complaint, to enable him to insist that the complaint showed he had paid the plaintiffs $366.15.

The plaintiffs' counsel insists that the referee erred in allow-

ing the defendant a counter-claim, and especially in allowing her the value of certain iron rods ; but, I think, we need not pass upon those questions, for the reason that the referee erred, as we have seen, in his finding upon the question of payment.

My conclusion is that the judgment in the action should be reversed, and a new trial granted, costs to abide the event. The order of reference should stand, but either party should have leave to apply for the appointment of a new referee.

Ordered accordingly.