## N. Y. COMMON PLEAS.

CHARLES DEVLIN agt. THE MAYOR, &c., and others.

*Effect of reversal of a judgment on the report of a referee, upon the order of reference — Order restoring case to general calendar not appealable.*

The reversal of a judgment on the report of a referee vacates the order of reference.

The court, in this case, *seems* to make a distinction between a compulsory order of reference and one made by the consent of the parties (*Per* ROBINSON, *J.*).

After the reversal of the judgment upon the report of the referee and the granting of a new trial by the court of appeals, defendants applied to the special term for an order restoring the case to the general calendar, which motion was denied. On appeal to the general term, this order was reversed and the case was restored to the general calendar. On appeal from this order to the court of appeals, it was *held*, that the order was not appealable, and the appeal was dismissed.

*General Term, June,* 1876.

THE action is on contract, and on May 29, 1865, an order of reference was made on motion at special term by judge CARDOZO, and affirmed at general term. The city appealed from the judgment obtained before the referee, and the same was reversed, and judgment absolute rendered at the general term for the city. The court of appeals reversed the judgment of the general term, and granted the appellants a new trial (*See* 50 *Howard's Pr. R.*, *page* 1). The answer was amended on the trial before the referee, and the allegation of fraud examined and abandoned by the city as a defense.

The respondents, the city of New York, then applied at special term, before judge VAN BRUNT, for an order to restore the case to the general calendar, and the motion was denied.

On this motion, the sole question discussed was the referable character of the case.

· *T. C. Cronin* and *Joseph J. Marrin*, for plaintiff.

I. The court at special term having held this case a proper one for a referee, the order of reference will not now be vacated. If a proper case for a referee then, it is doubly so now, as, by the decision of the court of appeals, hundreds of items of account are added to the cause of action by the application of the rule of damages relating to the sub-contract. They must be examined into before a referee, and could not be before a jury.

II. The issue set forth in the moving papers, and relating to fraud, cannot determine the question of a reference, as that issue was completely tried on the former hearing for days, and was openly and undisguisedly abandoned after a thorough investigation as a defense by the city. All the questions of law have been settled by the decision of the court of appeals. There is now no objection to a reference on the ground that it involves questions of law; questions of fact only are to be tried, involving voluminous accounts and hundreds of items.

III. This court will not, at this late day, after the decision of the first general term holding this a proper case for a referee, and after it appears that the issue presented in the moving papers, suggesting a jury trial, has been unqualifiedly abandoned, vacate the order of reference. The defendants, other than the city, and the plaintiff, oppose it; and the case being in the nature of an equitable one, as to the rights of various parties, the order of reference should stand.

IV. The motion to vacate -the order of reference must be denied, because the issue of fraud raised by the answer does not change the decision of the general term. Holding that the action is on contract, it makes a proper one for a referee; and, as it involves a long account, its referable character cannot be changed by the amended answer (*The court of appeals in Welsh* agt. *Darragh*, 52 *N. Y.*, 590).

Devlin agt. Mayor..

V. It is not essential to cite any more authorities, as this doctrine of the court of appeals, in this very case, and on the same motion, must control. But the same doctrine has been held and followed in the superior court of New York, and is the settled law of the state (*Paterson* agt. *Stettaner*, 39 *Superior Court R.* [*Jones & Spencer*], 413; *Maryatt* agt. *Thayer*, 39 *id.*, 417).

VI. All the cases cited by the corporation counsel, in support of the motion, were decided before the case of *Welsh* agt. *Darragh*, decided in the court of appeals, and followed in the above cases by the superior court (*Townsend* agt. *Hendrick*, 40 *How. Pr.*, *cited by the city, is commented on by the court of appeals in the case of Welsh* agt. *Darragh*, 52 *N. Y.*, 590, *cited ante, and distinguished*).

VII. The full investigation and abandonment of the defense of fraud, by the city, before the referee, as stated by the chief justice in the court of appeals, is at least to be construed as giving a color to our statement, that the city is intending by this motion on that ground, to cover some other question. However this may be, it cannot be claimed that this defense is any stronger now than it was when under examination before the referee, nor is it so claimed in the affidavit of the city coporation, &c. Within the well-established rule, the decision of the first general term of the court of common pleas must be followed.

VIII. A reversal of the judgment is of the trial of the action, and does not change the tribunal or alter the method of trial, unless so directed in the order of reversal. This is the universal opinion of the profession, and is the practice sustained by authority. The practice of the supreme court has never varied from this rule (*See Kiersted* agt. *Orange and Alexandria Railroad Co.*, *post*, 30; *Schermerhorn* agt. *Van Alen*, 13 *Howard Pr. R.*, 82; *Billings* agt. *Vanderbilt*, 15 *id.*, 295; *see order in Bissell* agt. *Hamlin*, 13 *Abb.*, 28).

IX. The motion in this case cannot be granted, because to restore the case to the calendar is practically a vacation of the

order of reference. The only motion in this case that can be
made is one for a new referee (*See cases cited ante, from* 13
*and* 15 *Howard*).

X. This court has acted upon this rule often : That unless
the order of reversal vacates the order of reference, it goes
back to a referee, and the same referee, unless substitution
takes place (*Rippoman* agt. *Strong,* 2 *Hilton,* 52 ; *Perry* agt.
*Moore,* 2 *E. D. Smith,* 32). In these cases the court refused
to change the referees on the new trial, where their report
was set aside.

XI. The rule to let the order of reference stand on reversal
of the judgment and the granting of a new trial is so uni-
versal that it has never been questioned, and the sole question
arising out of the order is that of the substitution of a new
referee. In *Shuart* agt. *Taylor* (7 *How. Pr. R.,* 251), the order
entered was, " New trial granted, costs to abide event." It was
held, by Mr. justice STRONG, as follows : " The effect of the
decision of the court, and the rule entered thereupon, setting
aside the former report of the referee and directing a new
trial, was to place the cause in the same situation, in respect
to a trial, as it was in before it was first tried. The order of
reference was not set aside, but remained in full force, and
the duties and powers of the referee were precisely the same
as if he had not previously reported. The objection made
on the part of the defendant to his retrying the cause was,
therefore, properly overruled." We also refer to the decision
of the general term of the supreme court, first and second
districts, in manuscript.

XII. In no case found in the books has it been held that
the order of reference has been discharged on reversal of
judgment, except on the special order of the general term,
recited in the order granting the new trial (*Manuscript cases
of decisions of judge* NOAH DAVIS *and other judges of first
district ; Kiersted* agt. *Orange and Alexandria Railroad
Co., post,* 30 *; manuscript cases of Carman* agt. *Goldsmith,
decided general term, second district, opinion by judge* JOSEPH

BARNARD, *May* 21, 1873). The effect of a reversal of the order of judge VAN BRUNT is to vacate the order of reference, and it was so argued by both sides. This cannot be done. He has held that it is a proper case for a referee, and so, also, has a prior general term. His discretion cannot be changed by a reversal of his order on the sole ground that the judgment was reversed.

*William C. Whitney,* counsel to the corporation.

I. The reversal of the judgment entered upon the referee's report vacates the order of reference. 1. The granting of an order referring the case was one of those decisions adverse to the defendant, which was a necessary factor in producing the adverse judgment, which has been reversed. The reversal of the whole carries with it the reversal of all its parts. 2. "The judicial functions of the referee end when he has delivered his report" (*Leffeler* agt. *Field,* 33 *How.,* 391 ; *Voorhis* agt. *Voorhis,* 50 *Barb.,* 119). The powers of the special tribunal being exhausted, a new creation was necessary to constitute another one. 3. The cases cited by the appellant in opposition to this point are not entitled to weight. (*a.*) In *Shuart* agt. *Taylor* (9 *How.,* 251) the report of referee was set aside, not on appeal, but on motion to special term, for some cause not stated. (*b.*) *Schermerhorn* agt. *Van Alen* (13 *How.,* 82) is a special term case. The point in question was not raised, and the only question before the court was, whether it were proper that the same referee should try the case. *Held,* that he should not. (*c.*) In *Billings* agt. *Vanderbrek* (15 *How.,* 295), the original reference was by consent, and this point was not raised. It also is a special term decision. (*d.*) In *White* agt. *Smith* (1 *Lans.,* 469) the order of reversal expressly directed that the order of reference should stand. This was also the case in *Rippowam Co.* agt. *Strong* (2 *Hilton,* 52) and in *Perry* agt. *Moore* (2 *E. D. Smith,* 33). In the last cited case the reference was under Revised Statutes, not under the Code.

II. Even if the reversal did not *per se* vacate the order of reference, the question whether a referee shall be retained or removed is a question addressed to the discretion of the court (*Sharp* agt. *Mayor of N. Y.*, 31 *Barb.*, 589). What is meant by " discretion of the court " is submitted in third point (*post*).

III. Whether or not the issue of fraud in this case should be tried by a jury was a question addressed to the discretion of the general term, from whose order this appeal is taken. That discretion is not the subject of review in this court. 1. The granting or refusing a reference was not *res adjudicata*. When application was originally made for an order of reference, the answer presented no issue of fraud. No opposing affidavits were presented by the defendants on the hearing of that motion. The allegations of fraud spoken of in plaintiff's points were mere vague assertions of counsel. The former motion for reference was fought mainly on the ground that difficult questions of law were involved in the case. When this matter was before the general term, in 1866, it was believed that the discretionary power of the court had been fully executed; that they could not review the decision of the judge at special term, except so far as to decide whether or not he had a right to make this decision. " If an action is not in its nature referable, as in actions for defamation or in assault and battery, an appeal will lie from an order of reference; but if the action is of the class in which references are allowable, and there was any evidence before the judge that it would require the examination of a long account, an appellate court will not review his determination upon that point, but will regard it as conclusive and final (C. P. DALY, F. J., in *Devlin* agt. *The Mayor*, *unreported*, *but cited in Turner* agt. *Taylor*, 2 *Daly*, 287). This rule has since been modified by the court of appeals (*Matter of Duff*, 10 *Abb.* [*N. S.*], 423). And it may now be regarded as settled that the " discretion of the court " meant by the Code is the discretion of the whole court, both at special and general term. Between the first presentation of question of a reference to

Devlin agt. Mayor.

the general term, in 1866, and its second presentation, in 1876, the pleadings had been amended so as to present an entirely new issue. A decision upon the case as presented by the old issues, supplemented by the loose assertions of counsel, cannot be regarded as *res adjudicata* to defeat defendant's right to claim the exercise of the discretion of this court upon a case including new and different issues. The general term had before it the question whether its discretionary power should be exercised in directing or refusing a reference of the whole issues. This question was one calling for a very care-ful exercise of its discretion. A long and consistent current of decision in this state sustains the proposition that a compulsory reference cannot be ordered where there are other issues properly triable by a jury in addition to the long account (*Graham* agt. *Golding*, 7 *How.*, 260 ; *Cameron* agt. *Freeman*, 18 *id.*, 310), and more especially where an issue of fraud is presented. " In a case involving such serious charges (fraudu-lently causing a conflagration, and fraudulently overestimating the amount of cost) as were here brought against the plain-tiff, a party (is) entitled to the benefit of trial before a.court and jury " (*Levi* agt. *Brooklyn Fire Insurance Company*, 25 *Wend.*, 627 ; *Freeman* agt. *Atlantic Mutual Fire Insurance Company*, 13 *Abbott*, 124). " It would be unjust and impol-itic that the mere necessity of taking an account should drag with it for trial before a referee all other matters in the action which may infinitely more require the vigilance, discretion and experience of the court than merely taking an account. The Code * * * , section 271, subdivisions 1 and 2, * * * not only authorized, but required that neither party should be deprived of the benefit of a trial before a court or a jury as to matters not involved in the account. In this case it is evident that the charges of fraud should not be tried by a referee. It (the granting of the order of reference) was not a matter, therefore, of discretion with the court " (*By* ROBERTSON, *C. J., Wheeler* agt. *Falconer*, 7 *Robertson*, 45). Even in those cases which do not go to the extent of

restricting the court's power to refer, the exercise of great caution in doing so is insisted upon ( *Whittaker* agt. *De Fosse*, 7 *Bosworth*, 681 ; *see Townsend* agt. *Hendricks*, 40 *How.*, 143 ; *and the cases cited on argument of Welsh* agt. *Darragh*, 52 *N. Y.*). The Code (*sec.* 271) says that a reference may be ordered by the court, not that it must be ordered. In exercising its discretion under this power, the court will be guided by the well-settled and equitable rule set out in the first point, that in cases of fraud the party alleging its existence should not be deprived of his right to trial by jury. In the case of *Welsh* agt. *Darragh* (52 *N. Y.*, 590) the court has only held that the granting of a reference is a matter of discretion ; that this discretion rests with the court below ; and that an order of reference is not appealable to the court of appeals.

ROBINSON, *J.* — This case, being an action upon contract, was by order of May 29, 1865, referred to a referee. From this order of reference defendants appealed to the general term, where it was affirmed July 18, 1866. The referee made a report in favor of the plaintiff, on which judgment was entered in his favor, which, on appeal to the general term, was reversed, and judgment absolute rendered for defendants. Plaintiffs then appealed from that judgment to the court of appeals, which court, in October, 1875, reversed the judgment of the general term, but affirmed so much of it as reversed the judgment entered on the report of the referee, and ordered a new trial. No special order was made by that court with respect to the subsequent mode of trial. Defendants made a motion that the cause should be restored to the trial calender, basing their motion on the ground that the question of fraud involved should be tried by a jury, which was refused and this appeal is from that order. If, by reason of the complete reversal of the judgment entered upon the report of the referee, the order made for the trial of the cause by a referee, or other interlocutory orders, were vacated and

Devlin agt. Mayor.

the cause restored to its condition when issue was joined, the motion to restore the cause to the trial calendar should have been granted, without prejudice to plaintiff's right to renew the motion for a new order of reference, founded upon the considerations previously presented as to the cause being one that should be referred. The general and unqualified reversal of a judgment reverses all that has been done in the cause, and adjudges every order, interlocutory judgment, or other thing partaking of the character of judicial action upon the case presented by the pleadings, and on any subsequent action thereon, as absolutely void and of no effect. This included all adverse orders to which exceptions have been taken that were subjects of review on the appeal. When on such reversal a new trial was ordered without specifications or reservation as to the mode of trial, it restored the parties to their former condition when the issues tried were joined, or their mode of trial had been agreed upon between the parties, and as the case was presented for trial on the pleadings, whether that trial, as then required, might, in accordance with the provisions of the Code, be had before judge and jury, or before judge without a jury, without special order to the contrary, or had been agreed upon as triable before a referee. The compulsory order of reference, granted against the opposition of defendants, constituted a part of the adverse judicial determinations that had been made in the action against the defendant after issue joined and the cause was in readiness for trial, and fell with the judgment in the general reversal. It constituted part of the judgment roll (*Code, sec.* 281), and the appellate court had the question as to the validity of the compulsory order of reference before them, within the scope of its powers of review (*Towsend* agt. *Hendrickson,* 40 *How. Pr.,* 143.) Their general reversal overturned every adverse order affecting the merits to which proper exception or an appeal had been taken, unless saved in the order of reversal. It is difficult to learn upon what ground the idea has become prevalent that on the reversal of

a judgment entered upon the decision and report of a referee, the issues were, as of course, remitted back to him for retrial. No analogy is found in any other kind of trial before a jury or a single judge without a jury, and the proposition that after reversal of a judgment and order thereupon entered, the cause was remitted for trial before the same judge or jury, would be preposterous.

A referee to whom issues are sent for trial is but a judicial officer, *pro hac vice*, and when he has once tried the cause, and signed and delivered his report, his judicial functions have been exhausted. He then becomes *functus officio*, and has only a remaining ministerial duty, subject to direct control by the court, to settle a case and findings on questions of fact. This has been the uniform decisions of our courts (*Pratt* agt. *Stiles*, 17 *How. Pr.*, 211; *Ayrault* agt. *Sackett, id.*, 507; *Coope* agt. *Broules*, 42 *Barb.*, 87; *Shearman* agt. *Justice*, 22 *How. Pr.*, 241; *Niles* agt. *Price*, 23 *id.*, 473; *Leffler* agt. *Fliede*, 33 *id.*; 385; *Trufant* agt. *Merrill*, 37 *id.*, 531.) His decision stands with equal force as that of a judge who tries a cause without a jury, and is to be appealed from in like manner (*Dana* agt. *Howe*, 13 *N. Y.*, 308); but that after his power has been exhausted there should yet exist in him, by virtue of the original order of reference, some latent judicial function to be revived through a reversal of the judgment and general order for a new trial, would seem a legal enigma difficult to comprehend. The learned counsel for the plaintiff, however, asserts that it is the universal opinion of the profession, and its practice, sustained by authority, that on such general reversal the former referee is reinvested with jurisdiction to try the cause, subject only to a motion for the substitution of another referee for good cause shown. The reported cases to which he refers (*Shuart* agt. *Taylor*, 7 *How.*, 251; *Schemerhorn* agt. *Alen*, 13 *id.*, 82; *Billings* agt. *Vanderbek*, 15 *id., and Bissell* agt. *Hamlin*, 13 *Abb.*, 28) are but special term decisions, and fail to authoritatively establish such a doctrine.

In *Shuart* agt. *Taylor* (*supra*) the report of the referee was merely set aside, not on appeal from a judgment entered on his decision, but on motion to the special term for some cause not stated. In *Schemerhorn* agt. *Van Alen* (*supra*) this point does not appear to have been presented; but the continuance of the order of reference, notwithstanding the reversal of the judgment, appears to have been acquiesced in, although the judge held that the substitution of a new referee instead of the one who had decided in favor of one of the parties was proper. So in *Billings* agt. *Vanderbek*, the point was not taken, but the substitution of another referee was merely claimed; and it is to be observed that the original reference was made by consent of the parties in a cause not referable.

In *Bissell* agt. *Hamlin*, on reversal of the judgment, the order of reference was directed to be vacated, and this would seem done only out of caution. In *White* agt. *Smith* (1 *Lans.*, 469) the general term of the sixth district, on reversal of a judgment founded on the report of a referee, directs that the order of reference should stand, and this was probably within the power conferred by section 330 of the Code to reverse, affirm or modify the judgment, and, if necessary or proper, to order a new trial in such mode as is proper to be presented. No such direction having been given by the appellate court in the order of reversal and granting a new trial, this cause stood for trial on the pleadings without any subsisting order of reference, and defendants were entitled to their motion. This decision is, however, not intended to affect any order made on references by consent; that may be considered when the question is presented. The cause is ordered to be placed on the general calendar for trial, without prejudice to any motion to be made by plaintiff for an order of reference.

DALY, *C. J.* — The report of a referee is to be regarded as equivalent to the verdict of a jury (*Scranton* agt. *Baxter*, 4 *Sandf.*, 5) ; and when it is delivered, the judicial functions