WILLIAM H. CATLIN AND MARIAM G. CATLIN, APPELLANTS, v. THE ADIRONDACK COMPANY, RESPONDENT.

*Reference — not vacated by a reversal, at the General Term, of the judgment entered on the report of the referee*

An order made at General Term reversing a judgment entered upon the report of a referee, and granting a new trial, does not, of itself, vacate the order of reference already granted. The reference can only be vacated by an express direction entered in the order of reversal, or by an order made at the Special Term upon a motion therefor.

APPEAL from an order of the Special Term, denying a motion by the plaintiffs to set aside a judgment for alleged irregularities.

*Marshall P. Stafford*, for the appellants. All power and jurisdiction of a referee terminate with the filing of his report. (*Sherman* v. *Justice*, 22 How., 241; *Niles* v. *Price*, 23 id., 473; *Coope* v. *Bowles*, 42 Barb., 95.) When a referee has once filed his report he is *functus officio*, and cannot again act, even to correct a clerical error in his report, without a new order of authority from the court. (*Niles* v. *Price*, 23 How., 473; *Trufant* v. *Merrill*, 37 How., 531; *Richardson* v. *Ward*, 13 Bevan, 110.) The case not being referable, except by consent, plaintiffs had a right to a trial by jury on the second trial, and could not be deprived of that right without their consent. (*Sharp* v. *Mayor*, 31 Barb., 579.)

*A. Pond*, for the respondent.

DAVIS, P. J. :

This action by consent of the parties was sent to a referee for trial. An appeal was taken from the judgment entered on the report of the referee, and, on such appeal the judgment was reversed and a new trial ordered. No order was made vacating the order of reference, and neither party took any steps to change

the referee. The defendant noticed the case for trial before the same referee. The plaintiffs paid no attention to the notice and did not appear before the referee, and the result was that the complaint was dismissed by the referee on motion of the defendant.

The plaintiffs moved to set aside the judgment entered on such dismissal, solely on the ground that the defendant's proceedings were irregular, claiming that the order of new trial operated to vacate the order of reference and that the powers of the referee, under such order had been wholly exhausted. No application to open the judgment on the merits, or to be relieved by reason of mistake or misapprehension, has been made.

The sole question for consideration is therefore, whether the simple reversal of a judgment entered on the report of a referee, operates to vacate the order of reference. We have already held, in *Phinney* v. *Broschell*\* recently decided, that such was not its effect; and it seems to be well settled, by authority, that such an order is not vacated except by an express direction of the court at General Term, or upon motion, by the court at Special Term. (*Billings* v. *Vanderbrek*, 15 How., 295 ; *White* v. *Smith*, 1 Lans., 469 ; *Schermerhorn* v. *Van Alen*, 13 How., 82 ; *Sharp* v. *The Mayor, etc.*, 31 Barb., 579–589 ; *Murphy* v. *Winchester*, 35 Barb., 616–620.)

The action therefore upon the reversal of the judgment and order of new trial stood referred. Either party was at liberty to move for a change of referee ; and it is the established practice, where the case depends upon questions of fact upon which a referee has once passed, to grant such motion and send the retrial to a new referee. Neither party saw fit to move in this case for a change of referee, and the defendant proceeded upon due notice to bring the case to a hearing before the referee named in the order. This proceeding was regular. The plaintiffs have, doubtless, been prejudiced by the mistake of their attorney in supposing that the defendant's proceedings were irregular, and that the action of the referee was void for want of jurisdiction. The court may with propriety perhaps relieve the plaintiffs from the consequences of such mistake, upon an application made for that purpose : but the motion in this case upon the question presented

---

\* See *ante*, p. 116.

·was properly disposed of, and the order should be affirmed with ten dollars costs and disbursements.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order affirmed, with ten dollars costs and disbursements.