# N. Y. COMMON PLEAS.

MARY DEVLIN, administratrix, appellant, agt. THE MAYOR, &c., respondent.

*Reference— Court no power to increase number of referees after order of reference made to one referee.*

Where an order of reference to a single referee has been affirmed by the general term, and also by the court of appeals, and the trial of the case has devolved upon the referee thus appointed, the court has no power subsequently to appoint two additional referees, unless upon a new state of facts (*Per* VAN BRUNT, J., *reversing, S. C.*, 62 *How.*, 163, 165).

DALY, C. J., dissenting, *held*, that the order appointing two more referees should be affirmed ; that the fact that the single referee to whom the cause had been referred had been sworn, and the case opened before him, does not present any difficulty.

*General Term, June,* 1882.

*Before* DALY, *C. J., and* VAN BRUNT, *J.*

*T. C. Cronin,* for plaintiff.

*W. C. Bartlett,* for defendant.

VAN BRUNT, *J.*—I entirely fail to comprehend from what source the special term of this court acquires the power to vacate the order of reference in this action to a single referee which has been affirmed by the general term of this court and also by the court of appeals. If it has not been settled in this case that it was proper to order the issues joined herein to be tried and determined before a single referee, then no question can ever be determined in an action, even by the court of appeals, which may not be reversed by the court at special term. The identical application which has resulted in the order appealed from was made at the time the original order

Devlin agt. The Mayor.

was made, and it was denied, and an order of reference made to a single referee, and this decision has been affirmed by both the general term and the court of appeals.

If it was improper to make the order of reference to one referee, the general term should have reversed the order of reference upon that ground and not affirmed it, as was done. By the order of reference made — and properly made, as has been decided by the court of appeals — the power of this court upon the question of reference was exhausted. The trial of the cause had devolved upon the referee thus appointed, and this court had no power to divest him of the functions with which he had been clothed, except upon the discovery of new facts unknown at the time of his appointment and which made it improper for the referee to act.

The Code provides that the court may refer a case to one or three referees. After the court has referred a cause to either one or three referees, and that action has been sustained upon appeal as proper, neither the same judge who made the original order nor any other judge holding the court has any power to change, alter or modify such order, especially in a respect which was before the court upon the original application. An order of reference once made, the power of the court is exhausted, unless it is invoked upon a new state of facts. As well might the judge at special term have — after it had been decided by the special term, by the general term and the court of appeals that an order of reference to one referee was proper — granted a motion that the cause should be tried by a jury, as to decide that the cause should be tried by three referees instead of one. But it may be urged that the order appealed from does not change the original order of reference, but simply adds something to it.

The fallacy of this position seems to be very apparent. By the original order of reference it was determined that the case was a proper one to refer to one referee, and by the order in question it is decided that it was not proper to refer the cause to one referee, but that there should have been three, which

Devlin agt. The Mayor.

is the granting of a motion previously denied, which denial had been affirmed by the highest court, and not a single new fact presented. The order also seems to me entirely unwarranted in attempting to appoint what is called therein additional referees, and also providing that under certain contingencies that the additional referees may be discharged. I can find no authority for the appointment of additional referees. If a reference is made to three, they are all referees having the same powers, the same rights; there is no distinction between them; the decision of the majority is conclusive and there is no provision in the Code that under any circumstances two may be discharged, and the case decided by one.

As the orders of reference now stand, the original referee seems to be a sort of presiding justice at this trial, and his associates are to be his humble advisors — a condition of things utterly at variance with the provisions of the Code.

The referee had been sworn, the case opened and witnesses sworn, before this motion to increase the number of referees was made. If, at this stage of the case, such a motion can be made, then the court could grant such an application at any time before the final decision by the referee.

It does seem that where a party has succeeded in having a certain mode of trial declared to be proper by all the appellate courts, and has noticed his cause for trial, has opened the case before the tribunal declared to be a proper one, and has sworn his witness, he should be allowed to proceed to the determination of his rights without any further interference upon the part of the court.

The order appealed from should be reversed, with costs.

DALY, C. J. (dissenting). — I see no ground for reversing the order I have previously given in the opinion which is printed in this case — the reasons why this cause should be tried before three referees — in addition to which I may add that this is an action against the corporation of the city, for the receiving of a very large amount, $70,000, which embraces

now, since the decision of the court of appeals, as the plaintiff claims, only questions of fact, and the defense to which involves a question or questions of fraud.

The plaintiff's motion for a reference originally was strenuously opposed (*Devlin* agt. *The Mayor, &c.,* 6 *Daly,* 488) upon the ground that the question of fraud was so largely involved that it was a case that should be left to a jury; but the reference was granted because the items were so numerous and so complex that it would be impossible for a jury to keep them all in their minds so as to pass upon each item intelligently.

So strenuous, in fact, was the opposition to a reference, on the part of the city, that the corporation carried the question to the court of appeals, where the order directing a reference was affirmed. When the trial of the whole of the issues in a cause is thus referred, the referee or referees in the trial of it act in the place of both judge and jury (*Morse* agt. *Morse,* 10 *Barb.,* 510; *Kingsley* agt. *The City of Brooklyn,* 1 *Abb. N. C.,* 122, 123), and formerly the practice, at least in this city, as I happen to know, was almost universal, when the whole of the issues in a cause was thus referred to appoint three referees, and it was not until after 1846, when the court of chancery was abolished, together with the offices of masters in chancery and examiners of testimony in chancery, that the practice arose in the courts exercising equitable jurisdiction of referring causes to a single referee, as a substitute for the old masters and examiners in chancery. The Code, section 1025, gives the court discretion to appoint one or three referees.

In *Kingsley* agt. *The City of Brooklyn* (1 *Abb. N. C.,* 108) the reference was opposed by the corporation of Brooklyn on the same grounds as in this case — that the matters in issue involved questions of fraud; and the cause was referred upon the same grounds as in this case; but the court was careful to provide that it should be tried before three carefully selected referees, who, in the language of the court, "would command general and unqualified respect," which was also

done in *The People* agt. *Dennison* (19 *Hun*, 137). The fact that the single referee to whom the cause has been referred has been sworn and the case opened before him, does not present any difficulty. The testimony has not yet been taken, and the opening of the cause again by the plaintiff, after the three referees have been assembled, and the additional referees sworn, does not impose any great hardship.

The provision of the order, that if it is found impossible or very difficult to assemble the three referees, and the trial of the action is thereby delayed, that either party may apply for the discharge of the additional referees, and that the trial proceed before the remaining sole referee, in no way invalidates the order. It is not very probable that it will be impossible or very difficult to get the three referees that have been appointed to assemble together for the trial of the cause, and this is a mere precautionary provision in an event that is not very likely to occur.

From the knowlege that we have of this cause, the evidence in which upon a former trial has been extensively reviewed upon an appeal to the general term, as well as considered upon other motions in the cause, I am thoroughly satisfied that it is especially one of these causes which should be tried before three referees, as it will approximate more to a trial by a judge and a jury than by trying it before a single referee. The order, in my opinion, should be affirmed.