IDA I. ROSS, APPELLANT, v. JOSEPH ROSS, JR.,
RESPONDENT.

*Action for divorce — power of the Special Term to review the report of a referee — he can only refuse to confirm it because of fraud or collusion — Code of Civil Procedure, secs.* 1228, 1229.

An action, brought by a wife for an absolute divorce upon the ground of the defendant's adultery, was sent to a referee to hear and determine. After his report in favor of the wife had been made and filed, but before a judgment had been entered thereon. the court, upon the motion of the defendant, reopened the case and sent it back to the referee for further proof. The order provided that the defendant might introduce any newly discovered evidence, and might re-examine any witness who desired to change his testimony; that he might be examined under oath if he desired, and that the plaintiff might be examined in her own behalf, in case the defendant was examined in his behalf, and that she might introduce evidence in rebuttal, and to sustain and corroborate her evidence, in so far as it was impaired by the newly discovered evidence of the defendant. In pursuance of this order the referee took additional evidence and reported it to the court, but declined to consider it or to make a new report, holding that he had no power to do so. The defendant then moved to have the orders theretofore made so amended as that the court decide the case on all the testimony taken. This motion was denied.

The plaintiff having moved to have the report of the referee confirmed and for judgment in her favor, the court denied the motion, vacated the order of reference and restored the case to the calendar of the court for trial

*Held*, that the court had no power to make the order. (BARNARD, P. J., dissenting.)

Upon an application to confirm the report of a referee in such cases the court at Special Term has no power to examine the case upon the merits, or reverse the report for errors and irregularities committed upon the trial. It can only refuse to confirm the report where fraud, collusion or some similar cause be proved.

APPEAL from an order made at a Special Term denying a motion to confirm the report of a referee and vacating an order of reference and directing that the action be restored to the calendar for trial, and also from an order denying a motion to resettle this order.

*W. A. Beach,* for the appellant.

*Winchester Britton,* for the respondent

DYKMAN, J.:

This is an action by a wife against her husband for the procurement of an absolute divorce on the ground of his adultery. The action was, by consent, referred to a referee for hearing and determination, and the cause was tried before him, and he made and filed his report in favor of the plaintiff. After that, and before any motion for confirmation of the report or a judgment thereon, the defendant made a motion to the court to reopen the case for the purpose of introducing on his behalf additional evidence alleged to have been newly discovered. That motion was granted on condition that the defendant should stipulate in writing to proceed before the same referee to introduce such additional evidence as should have been newly discovered since the referee made his report, and such evidence in rebuttal as might be offered by the plaintiff. Other conditions were also inserted in the order which are immaterial here.

This order was afterwards modified and resettled by another order for that purpose, by which it was provided that the case be sent back to the same referee for further proof; that the defendant might introduce any newly discovered evidence and re-examine any witness who desired to change his testimony; that the defendant might be examined under oath if he desired; that the plaintiff might give evidence in rebuttal, and to sustain and corroborate the plaintiff's evidence in so far as it was impaired by the newly discovered evidence of the defendant, and be examined in her own behalf in case the defendant was so examined in his behalf. Neither of these orders contained any directions to the referee, but there was no appeal from either.

The referee proceeded under the order and took a large mass of testimony under the plaintiff's objection. He declined to pass on

the additional evidence, holding that his only power under the last order was to take it and report it to the court. Then the defendant moved the court to amend the original order of reference, and the order last noticed, so that the court should decide the case on all the testimony taken under both orders. This motion was denied. Thereupon the plaintiff moved, on the referee's report and the testimony taken and proceedings had down to the time of filing the report, for its confirmation and for judgment thereon. This motion was denied, and it was further directed in the same order that the order of reference be vacated and the case restored to the calendar of the court for trial. The plaintiff has appealed from this last order and thus brings the case before the General Term. As the referee made no second report after the final close of the testimony the defendant's attorneys served a notice of election to end the reference.

This history of the case instructs us that the practice pursued has been irregular and erroneous. In ordinary actions where a referee is appointed to try the cause his report stands as a decision of the court and judgment may be entered thereon by the clerk, as directed therein, on filing the report. (Code Civil Pro., § 1228.) Matrimonial actions, however, are governed by peculiar rules prescribed for them alone, and for well recognized reasons judgment in such actions must be rendered by the court (Code of Civil Pro., § 1229), that is, it must be directed by the court, and cannot be entered by the clerk without such direction.

When, therefore, the report of a referee to try and determine such an action is presented to the court at Special Term there is power and jurisdiction to approve, or refuse approval for fraud, collusion or similar causes (*Schroeter* v. *Schroeter*, 23 Hun, 230), but not on the merits. They must be examined in some other manner. Such a report stands as a decision of the court in matrimonial actions as well as others, and all errors and irregularities committed on the trial, and which were the subject of consideration by the referee, must be reviewed and corrected by a tribunal empowered to reverse and annul the report. Such power is not possessed by the Special Term, to which the report is presented, for approval and confirmation. All that can properly be done there is to grant or deny the motion, and then such order so made can be reviewed on appeal.

When, therefore, the report of the referee in this action was presented to the court at Special Term for confirmation, it was not within its competence to review or reverse his decision, or nullify or vacate the order of reference. The cause had then been tried in one of the three modes of trial provided by our practice, by a co-ordinate branch of the Supreme Court possessing all the powers of a justice of that court on a trial. A decision had been rendered against which neither fraud, collusion nor irregularity was alleged. No case was presented for vacating the order of reference, and no motion made for that purpose. But for the embarrassment created by the order sending the case back to the referee to take further testimony, the order refusing confirmation of the referee's report might be reversed and judgment ordered for the plaintiff. There was no appeal from that order, but an inquiry may be made into its effect now. One plain thing to be said about it is that it could not legalize the testimony of the parties to the action, or render them competent witnesses by a provision for their examination. Rules of testimony cannot be prescribed by court orders. In so far as they were competent witnesses, or were rendered so by the course of procedure on the trial, their admissibility depended on the rules of evidence applicable to the case, which could not be arrested or varied by this order.

The order as resettled does not re-open the case, but merely sends it back to the referee for further proof, to receive newly discovered evidence, and re-examine witnesses who desire to change their testimony. No discretion is given to the referee, and so he was clothed with no new power. He had been appointed to hear and determine the action, had performed the duty and filed his report. His functions had, therefore, ceased, and he was not rehabilitated by this order. It may be that an order can be made at Special Term in an action which has been tried before a referee to hear and determine, re-opening the case and sending it back to the referee to take further proof and then make a new and final report on all the testimony. But that is not this case, because that was not here done ; what was done here was to send the cause back to a referee whose only power was to hear and determine, after his judicial functions had ceased, without opening the case and without directions to him, even to

receive or consider it, or return it to the court. The original report was left undisturbed and, as has been already stated.

On the 26th day of November, 1880, a motion made by the defendant to amend the original order of reference and the order permitting further proof, so that the court should decide the case on all the testimony taken under both both orders, was denied by the court. Thus then the case stood when the order appealed from was made. It had been referred for hearing and determination to a referee who had decided it and made and filed his report. It could not, therefore, be tried or decided by the court because another mode of trial had been adopted and pursued. Additional testimony had been taken which could not be considered by the referee because his judicial powers in the case had terminated, nor by the court because the case was not there for trial. The court could order no independent judgment in the case. It could render judgment on the referee's report, or decline so to do; but as we have already seen, such refusal must have been based on something outside of the questions decided by the referee. If he committed errors they must be corrected on appeal, not on a motion for judgment. It follows that the additional testimony can be assigned no legal place or position in this case because neither the referee nor the court can give it consideration, and neither have assumed so to do. Nay more, the court denied a motion to make an order that would enable it so to do. It was ignored on the motion for judgment, and was not then before the court, that motion being founded on the referee's report and the proceedings antecedent thereto. So, therefore, it is that the report of a referee, equivalent to a decision of the court, has been rejected and the order of reference vacated, without a single allegation against it by a court which had it not for review, which had no competency to vacate the order, and which was not requested or moved so to do. The plaintiff has a report in her favor and we have looked into the case to find if any reasons exist against its confirmation, and we discover none. Our conclusions, therefore, are that the additional testimony has no place in this action, and cannot be considered for any purpose. That the plaintiff, with the regular and unimpeached decision of the referee in her favor, is entitled to judgment thereon.

The order appealed from is, therefore, reversed, with costs and dis-

bursements, the motion to confirm the referee's report is granted, and judgment is directed to be entered thereon in favor of the plaintiff for an absolute divorce against the defendant pursuant to the report, with costs.

If any further order is required for allowance or alimony, application must be made therefor to the Special Term.

BROWN, J.:

The parties to this action are husband and wife; the wife seeks a divorce from the husband, on the ground of adultery. The action was regularly referred to a referee to hear and determine the issues, and the referee reported in the wife's favor. After the report had been filed, and upon defendant's motion, an order was made reopening the case and sending it back to the referee for further proof. A large amount of testimony was taken under this order.

The referee refused to report anew, holding that under the order sending the case back to him he had no power, except to take the testimony and report to the court. After this, the defendant served a notice to discontinue the reference. Upon a motion subsequently made by the plaintiff, and which appears to have been made on all the testimony taken in the case, the court refused to confirm the referee's report, and set aside all proceedings, vacated the order of reference and directed a new trial at the Circuit. Other motions were made and orders entered, subsequent to the first report of the referee, which it is unnecessary to notice here.

Under section 1228 of the Code, a referee's report, in an action where the whole issue is one of fact, stands as the decision of the court, and in an ordinary case, judgment is entered thereon by the clerk.

It is provided, however, in the following section, that this direction does not apply to matrimonial causes; but in that class of actions, the testimony and other proceedings must be certified to the court by the referee, and judgment must be entered by the court. (Sec. 1229.)

In construing this section, the courts have held that this did not authorize the Special Term, upon a motion to confirm the report, to examine the evidence for the purpose of reviewing the findings and decision of the referee, but that the purpose of this provision of the

statute was to require the *fiat* of the court as a safeguard against irregularity, collusion or fraud.

If, for any reason, the proceedings before the referee do not warrant the entry of a judgment conformably to his decision, no judgment can be rendered, and the motion for judgment must be simply denied, and the party who desires further relief must make application therefor. (*Schroeter* v. *Schroeter*, 23 Hun, 230; *Anonymous*, 3 Abb. New Cases, 161.)

It would follow, from this construction of the statute, that that part of the order appealed from, which sets aside all proceedings before the referee and sends the case to the Circuit for a new trial, was wholly unwarranted. If there appeared sufficient grounds for not entering the judgment, in conformity with the referee's decision, the motion should have simply been denied. There does not appear to us, in the proceedings and testimony before the referee, any sufficient reason for denying the motion; there is no irregularity, no collusion or fraud; and examining the case upon the referee's report and the testimony taken by him prior thereto, we think the report should have been confirmed and judgment entered in favor of the plaintiff.

If it is desired to review the findings of the referee, such review cannot be had in this proceeding. It must be had by direct appeal from the judgment in the manner pointed out in the Code. (Secs. 992, 994 and 997.)

Upon this appeal we can only review the order which refused to confirm the report. We think that order was erroneous, and that the report should have been confirmed.

It is claimed, however, and very strongly argued, that the proceedings had in the action and the orders made subsequent to the filing of the referee's report, if they did not, in direct terms, annul and set aside the report, must be construed to have had that effect.

The order of September 29th, which resettled the order of September 15th, and which is the only one it is necessary to consider, contains no direction as to the referee's report. It reopens the case for further proof and it permits witnesses who may desire to change their testimony to be re-examined, and it contains further provisions in reference to the examination of the plaintiff and

defendant which were clearly beyond the power of the court to make.

I think this order was wholly irregular, and so far as it affected the decision of the case which had already been made, absolutely void.

The referee's report stood as the decision of the court. Having made it he became *functus officio.* He had no further power over the action except to settle the case on appeal. (*Nelson* v. *Ingersoll*, 27 How., 1; *Pratt* v. *Stiles*, 17 id., 211.) Upon an order for a new trial, the case would not be remitted to him for retrial, without an express order of the court. (*Devlin* v. *The Mayor*, 6 Daly, 488.) A new trial could undoubtedly be granted for newly discovered evidence, and it may be conceded that upon a proper motion for such relief a new trial could be granted before the same referee, but such is not the order in this case. It reopens the case for *further proof*, that is, it allows proof in addition to that already taken to be introduced into the case, witnesses who desire to change their testimony already given may be re-examined, from which it must be assumed that if they did not desire to change their testimony, the evidence already given was to stand in the case; this was very far from ordering a new trial. It would seem that the purpose of the court was to direct the referee to take further proof in the case and then review his decision and make a new report. The court had no power to do this. It might as well be claimed that one judge at Special Term could direct a case which had been tried before another judge to be reopened and further testimony taken. The referee was a co-ordinate branch of the court. His powers in deciding the case were equal to those of a judge at the Special Term. A new trial was the one thing the court had the power to direct, but an order for a new trial would necessarily have set aside all prior proceedings and reopened the whole case and the trial would have been had *de novo.*

The case of *Pratt* v. *Stiles* (17 How., 211), is somewhat analogous to the case under consideration. That was an equitable action to redeem a mortgage upon a team of horses. It was referred to a referee to hear and determine, who reported that the plaintiff was entitled to redeem. After the report was delivered the plaintiff moved to reopen the case and send it back to the referee to take an account of the value of the use of the horses from the commence-

ment of the action. The order was granted and under it the referee took proof and made a second report of the value of the use of the horses, and judgment was entered upon the two reports. On appeal the court held that the value of the use of the horses was a part of the plaintiff's cause of action and reversed the judgment and all proceedings subsequent to the first report. The court say there was no way after the report was delivered to raise the question as to the value of the use of the horses, except upon an application for a new trial. " The report of the referee upon the whole case stands as the judgment of the court. * * * The court doubtless had the power to set it aside for any irregularity or to open the case for retrial before the referee on the ground of surprise, mistake, or newly discovered evidence. This is the only mode in which the omission of the referee to take the account of the use and value of the horses can now be rectified. The order of the court referring it back to the referee to take such an account I think was an irregularity. The whole case must be opened for retrial before the referee." In the case cited, the original report was allowed to stand. So, in this case, the court might have set aside the report for irregularity, or for collusion between the parties, or for fraud, or it might have granted a new trial for newly discovered evidence, but it had no power to make the order that was made.

The referee's report stands as the decision of the court, and nothing short of an absolute order of the court can set it aside. It follows, therefore, that the service by the defendant of the notice discontinuing the reference had no effect upon the action. It is further argued that the plaintiff is estopped from denying that the case was properly reopened before the referee because she accepted the costs which were imposed as a condition of the granting of that order. The plaintiff is undoubtedly estopped from denying whatever may be the fair construction of the order, but the defendant has had the full benefit of the order on his part. The evidence which he desired to give was taken by the referee and reported to the court. The difficulty now is, that no proper place can be assigned to it in the action. It is not the plaintiff's fault that such is the case. The case was properly tried and a decision regularly rendered, and until that decision is set aside in some one of the proceedings provided by law, it stands as the decision of the court. The report and all

proceedings in the action prior to it seem to have been entirely regular, and we think it should have been confirmed.

The order appealed from should be reversed, with costs, and an order entered confirming the report and directing judgment for the plaintiff in conformity with the referee's decision.

BARNARD, P. J. (dissenting):

It was competent after judgment for the court to grant a new trial for newly discovered evidence. In this case the application for a new trial on that ground was made by the defendant before judgment, but after report was made. The court sent the case back to the same referee for further proof and permitted the defendant to give the newly discovered evidence, for which the report was sent back because it seems to have been alleged that a witness, or some witnesses, desired to correct her or their testimony, it was provided that any witness examined on the trial could correct his testimony. This order was not appealed from, and for that reason became a part of the history of the case. A great amount of evidence was taken under it. The referee should have passed upon the case again after all the evidence was in. The original order of reference to him to hear and determine stood in the case. His report was sent back for further proof, and that proof was taken. An objection to the proof did not remove the order sending the case back without an appeal from the order. The evidence then was a part of the case and the referee was to hear and determine. He did not consider the evidence or determine the issue thereupon, but returned the same to the court. It was entirely irregular for the court to try the case upon the evidence thus taken without consent; but whoever did try it must hear the additional evidence. The court, however, did consider the whole case and revoked the order of reference and sent the case back for a new trial at the regular Special Term. If I am right that the referee should have made a new report, then he failed to do so and the defendant under the Code terminated the reference by notice. The action being for a divorce the report of the referee was not final. Judgment at last must come from the court. The additional evidence taken should have been considered by the court upon the motion to confirm the

original report, if the referee was not to consider it. It was taken under an order concurred in by both parties.

The order should be affirmed, with costs.

Order reversed, with costs, and motion for judgment of divorce granted.